People v Vig (2022 NY Slip Op 50370(U))

[*1]

People v Vig (Sonia)

2022 NY Slip Op 50370(U) [75 Misc 3d 127(A)]

Decided on April 21, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 21, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2020-1003 S CR

The People of the State of New York,
Respondent,
against
Sonia Vig, Appellant. 

Grizopoulos & Portz, P.C., Gregory Grizopoulos of counsel, for appellant.
Suffolk County Traffic Prosecutor's Office, Justin W. Smiloff of counsel, for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and
Parking Violations Agency (Debra Urbano-DiSalvo, J.H.O.), rendered September 30, 2020. The
judgment convicted defendant, after a nonjury trial, of failing to yield the right of way to an
emergency vehicle, and imposed sentence.

ORDERED that the judgment of conviction is reversed, on the facts, the accusatory
instrument is dismissed, and the fine, if paid, is remitted. 
Defendant was charged in a simplified traffic information with failing to yield the right of
way to an emergency vehicle (Vehicle and Traffic Law § 1144 [a]). At a nonjury trial, a
trooper testified that he was driving in the left lane of the two-lane Sagtikos State Parkway, with
his lights and siren on, when he was trapped behind defendant who would not move her vehicle
to the right. The trooper testified that he was prevented from moving his vehicle to the right by
another vehicle next to him in the right lane. The trooper admitted that he followed defendant
"pretty close[ly]" for a quarter mile when she stopped her vehicle in the left lane. The trooper
stopped behind defendant, he explained, "for her safety" and, over his vehicle's public address
system, ordered her to move the vehicle. She did not, and the trooper had to exit his vehicle, walk
to defendant's vehicle and order her to move her vehicle to the grassy median immediately to the
left of the lane where she had stopped. Once she did, the trooper ticketed her.
Drivers must yield to emergency vehicles, in particular by moving their vehicle to a different
lane and out of the way when an emergency vehicle approaches with its lights flashing
(see Vehicle and Traffic Law § 1144 [a]). However, "[n]o person shall . . . turn a
vehicle from a direct course or move right or left upon a roadway unless and until such
movement can be made with reasonable safety" (Vehicle and Traffic Law § 1163 [a]). In
this case, based upon the trooper's testimony—that his police vehicle was "pretty close"
behind defendant's and that he could not move the police vehicle to the right lane because a third
vehicle was blocking him from doing so—we do not agree that defendant could have,
beyond a reasonable doubt, moved her vehicle to the right lane "with reasonable safety."
According to the trooper's testimony, the only two options available to defendant to switch out of
the lane in which she was driving would have been to move into the right lane or move to the left
onto the median. Doing the former would have involved possibly cutting off the third vehicle
already in that lane; doing the latter would have required her to intentionally drive off the road.
Defendant elected neither of these unappealing options. Under the particular circumstances
presented, we find that defendant's conviction of failing to yield the right of way to an emergency
vehicle was against the weight of the evidence.
In light of the foregoing, defendant's other contentions are rendered academic and we do not
pass upon them.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is
dismissed.
DRISCOLL, J.P., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 21, 2022